AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 8:16MJ1353TGW |
| RAMIRO MANCILLA-IBARRA | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 24, 2016__ in the county of __Pasco__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) and 21 U.S.C. 841(b)(1)(A)(viii) | Possession with intent to distribute five-hundred grams or more of a mixture and substance containing a detectable amount of methamphetamine. |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

G. Tucker Cowles, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: May 25, 2016

*Judge's signature*

City and state: Tampa, Florida    THOMAS G. WILSON, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, G. Tucker Cowles, being duly sworn, state as follows:

1. I am a Special Agent with the Drug Enforcement Administration (DEA), currently assigned to the Tampa District Office. I have been a law enforcement officer for 17 years. During this time I have participated in criminal investigations involving local, national and international drug trafficking organizations. I have worked with other federal, state, and local agencies in the conducting these investigations. In connection with my official DEA duties, I investigate criminal violations of federal laws, including but not limited to, Title 21, United States Code, Sections 841(a)(1) (possession with intent to distribute and distribution of controlled substances), 843(b) (use of a communication facility to commit a drug trafficking offense) and 846 (conspiracy to commit drug trafficking offenses). During my tenure with the DEA I participated in hundreds of investigations of drug trafficking offenses including those involving methamphetamine, as well as other controlled substances, and among other things, have conducted or participated in surveillance, the execution of search warrants, debriefings of informants and reviews of taped conversations. As a Special Agent, I have received specialized training in the investigation of narcotics-related crimes and have participated in the investigation of complex drug conspiracies and all stages of illegal narcotics distribution, including dozens of investigations relating to the distribution and the sale of controlled substances. As such, I am familiar with the methods, routines and practices of narcotics traffickers, as well as the appearance and characteristics of controlled substances and the methods in which they are used, packaged for sale, and distributed.

2. This affidavit is submitted for the limited purpose of establishing probable cause for the arrest of Ramiro MANCILLA-IBARRA, a/k/a "Romero Mancia-Ibarra," for possession with intent to distribute five-hundred grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United State Code, Section 841(a)(1), 841(b)(1)(A(viii). It does not set forth all facts known to me or other law enforcement personnel about this referenced investigation.

### Probable Cause

3. During May of 2016, information was received from a cooperating defendant (CD) in regards to the drug trafficking activities of MANCILLA-IBARRA. The CD was recently arrested on federal charges for drug trafficking and is seeking to reduce his/her potential sentence. The CD advised he/she had been purchasing mutli-kilogram quantities of methamphetamine from MANCIA-IBARRA over the past few months. MANCILLA-IBARRA was identified as living in the metro Atlanta, Georgia area.

4. On May 23, 2016, the CD indicated he/she could order three kilograms of meth from MANCILLA-IBARRA. The CD sent a text message to telephone number 470-695-2708 for the purpose of ordering methamphetamine. This was done while under the supervision of law enforcement. MANCILLA-IBARRA indicated that he would leave that night with the product for the CD's house. The CD stated that MANCILLA-IBARRA drove a white Kia van the last time he delivered methamphetamine to the CD. The CD stated that MANCILLA-IBARRA would always pull around back into the CD's yard when the gates were open. The CD indicated that it was not necessary to talk to

2

MANCILLA-IBARRA on the phone.  Therefore, law enforcement assumed an undercover role and talked to MANCILLA-IBARRA via text messages.

5. On May 24, 2016, at the permission of the CD, I went into the CD's house with an arrest team.  Law enforcement received multiple text messages indicating that MANCILLA-IBARRA was on his way.  During the afternoon, law enforcement told MANCILLA-IBARRA via text messaging that the gate was open into the backyard.  At approximately 2:30 pm, surveillance units observed a white Kia van with Georgia tags arrive on the CD's street.  This van then drove into the backyard of the CD's residence.  Law enforcement subsequently arrested MANCILLA-IBARRA.

6. A drug detection dog conducted an exterior sniff of the vehicle and alerted to the presence of narcotics.  Located in the right-rear quarter panel was approximately 3.1 kilograms of a white crystal substance that field-tested positive for the presence of meth.  Located in MANCILLA-IBARRA's possession was a cell phone with telephone number 470-695-2708.

7. MANCILLA-IBARRA was advised of his Miranda rights in Spanish by a Spanish-speaking officer.  MANCILLA-IBARRA waived his rights to counsel and agreed to talk to authorities.  Law enforcement recorded this interview and MANCILLA-IBARRA signed a Spanish-language form acknowledging these rights.

8. MANCILLA-IBARRA stated he had left Lawrenceville, GA that morning between 6:00-8:00 am in the van.  He stated that the two phones in the vehicle were his.  He stated that he was delivering methamphetamine to the CD's residence; this was the second time he had brought methamphetamine to the residence; he takes money back to Georgia after he receives the methamphetamine; and that he was aware of the

six bundles of methamphetamine that were located inside the vehicle that were seized by law enforcement.

## Conclusion

9.  Based upon the information contained in this affidavit, I submit that there is probable cause to believe that Ramiro MANCILLA-IBARRA did knowingly and willfully possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

FURTHER AFFIANT SAYETH NAUGHT.

_____
G. Tucker Cowles, Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me
This 25th day of May, 2016

_____
THOMAS G. WILSON
United States Magistrate Judge

4